UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 5:19-CR-51-KKC-MAS |
| v. ) | |
| ) | |
| CARRIE LEIGH ALLEN, ) | |
| ) | |
| Defendant. ) | |

**RECOMENDATION TO ACCEPT GUILTY PLEA**

On referral from Chief Judge Caldwell, the Court conducted guilty plea proceedings concerning Defendant Carrie Leigh Allen. On June 6, 2019, Defendant appeared before the undersigned for proceedings under Rule 11, following Defendant's expressed intent to plead guilty to Counts 10 and 15 of the Indictment and to forfeiture of the items listed in the forfeiture allegation of the Indictment.

As established and particularly detailed on the record:

1. After the Court informed Defendant of her right to plead in the presence of a United States District Judge, Defendant personally consented to plea proceedings before a United States Magistrate Judge. Defendant further consented to the Magistrate Judge making a recommendation to the District Judge regarding whether to accept the plea. The consent occurred orally and in writing and was under oath. The consent was knowing, voluntary, and intelligent and occurred with counsel's advice. The United States did not object to so proceeding.

2. The Court placed Defendant under oath and performed the full colloquy as required by Rule 11. As set forth in the record, after said colloquy, the Court found Defendant competent to plead. Additionally, after advising Defendant of all applicable rights, covering all terms of the plea agreement (including a limited appeal and partial collateral attack waiver), and assuring Defendant's awareness of the nature of and all potential penalties applicable to the charge at issue, as well as the sentencing process, the Court further found that Defendant pleaded guilty in a knowing, voluntary, and intelligent fashion. Further, an adequate factual basis (from the colloquy and plea agreement) supported the plea as to each essential offense element for the applicable charge. The Court covered all areas and confirmed Defendant's understanding of all matters required in the context by Rule 11, the criminal rules, and the United States Constitution.

3. Further, and particularly based on Defendant's expressed intent to plead guilty, the Court read and discussed the substance of Counts 10 and 15 and the forfeiture allegations of the Indictment and directly confirmed that Defendant and counsel had spent adequate time evaluating options and had sufficient information about the case to permit a complete assessment of strategy.

4. As such, and based on the Court's findings, the Court **RECOMMENDS** that the District Court **ACCEPT** the guilty plea of Defendant, Carrie Leigh Allen, and **ADJUDGE** her guilty of Counts 10 and 15 of the Indictment.

5. The Court has scheduled sentencing and issued a formal sentencing order. Both actions are subject to the District Court's approval of the recommendation and

acceptance of the plea. Because the plea is not yet accepted, Defendant remains on bond under the prior terms. The § 3143 analysis does not apply until conviction.

*Right to Object*

Defendant has the right to object to this Recommendation and to secure de novo review from the District Judge as to any matter to which she specifically objects and seeks review. Within fourteen days after being served with a copy of this Recommendation, a party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make timely objection in the manner described, may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals with respect to the particular decision at issue. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 11th day of June, 2019.



Signed By:
Matthew A. Stinnett   MAS
United States Magistrate Judge