UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 5:19-CR-51-KKC-HAI |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| CARRIE LEIGH ALLEN, | ) | & ORDER |
| Defendant. | ) | |

*** *** *** ***

On October 20, 2020, the Court received a *pro se* motion under 28 U.S.C. § 2255 from federal inmate Carrie Allen. D.E. 31. The motion, filed on October 15 under the mailbox rule, appears timely because Allen's judgment was entered on October 17, 2019 (D.E. 26). Allen also moved to hold the matter in abeyance so she can amend the habeas motion after conducting further research. D.E. 33. She requested an abeyance of sixty days or until "completion of the nationwide FBOP lockdown due to Corona Virus pandemic." *Id.*

In accordance with local practice, the matter was assigned to the undersigned for the purposes of conducting a preliminary review. *See* Rules Governing Section 2255 Cases, Rule 4. Under such review, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Id.*; *see also* 28 U.S.C. § 2255(b) (permitting dismissal of a § 2255 motion when "the files and records of the case conclusively show that the prisoner is entitled to no relief").

### I. Introduction

Allen's § 2255 motion form identifies four grounds for relief, which are described as follows in full:

(1) "Defendant's attorney was ineffective for failing to file an appeal"

(2) "Defendant's attorney failed to raise all 18 U.S.C. § 3553(a) factors under *Booker* in Defendant's case"

(3) "Failure to object to drug quantity calculation and corresponding base offense level"

(4) "[D]efendant's [attorney] failed to raise or object under sentence disparity."

The motion form also appears to flag additional issues: "*Rehaif*? – new Supreme Court case law," "FSA?," "mitigating factors," and "*USA v. Booker* for sentence disparity." D.E. 31 at 9.

Rule 2 of the Rules Governing Section 2255 Cases requires that the motion must:

(1) specify all the grounds for relief available to the moving party;

(2) state the facts supporting each ground;

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.

On October 23, the Court alerted Allen as follows:

> As it stands, Allen's motion is subject to dismissal under Rules 2 and 4 [of the Rules Governing Section 2255 Cases] because the grounds for relief are not adequately defined and Allen supplies no facts to support the grounds for relief. The Court understands that Allen likely wished to toll the statute of limitations by filing a timely motion and intends to amend her motion in the future. The Court provides that opportunity now. However, no ruling will be made at this time on the motion to hold this matter in abeyance. Instead, the Court will give Allen a limited period to make a filing that more fully describes her alleged grounds for relief.

D.E. 34 at 3. The Court then ordered that:

> by no later than **Friday, November 13, 2020,** Allen shall **SHOW CAUSE** why this matter should not be dismissed (under Rules 2 and 4) for failure to adequately specify all the grounds for relief and state the facts supporting each ground. To

avoid dismissal, Allen *must* more clearly define her claims for relief and supply some factual basis to support her claims. The Court understands her resources are limited. But Allen at the very least can draw on her own memory of the facts of her case.

*Id*.

As of this date, the Court has received no response from Allen.

## II. General Legal Standards

Under § 2255, a federal prisoner may seek habeas relief because her sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255. To prevail on a § 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

The Court recognizes that Allen is proceeding *pro se*, without the assistance of an attorney. The Court construes *pro se* motions more leniently than motions prepared by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

Allen's four grounds for relief allege violations of her Sixth Amendment right to effective representation. To successfully assert an ineffective-assistance-of-counsel ("IAC") claim, a defendant must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). To prove deficient performance, a defendant must show "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional

3

norms" and evaluated "considering all the circumstances." *Strickland*, 466 U.S. at 688.  But "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689 (internal quotations omitted).

In order to prove prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.  When evaluating prejudice, courts generally must consider the "totality of the evidence." *Strickland*, 466 U.S. at 695.  Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id.* at 697.  To show prejudice in the sentencing context, a movant must establish that his "sentence was increased by the deficient performance of his attorney." *Spencer v. Booker*, 254 F. App'x 520, 525 (6th Cir. 2007) (citing *Glover v. United States*, 531 U.S. 198, 200 (2001)).

### III.  Analysis

The Court has given Allen an opportunity to flesh out her claims, but she failed to do so in the allotted time or to move for an extension of the deadline.  Nevertheless, the Court will address each of her claims on the merits, to the extent possible.

#### A.  Failure to Appeal

Allen's Ground One states, "Defendant's attorney was ineffective for failing to file an appeal."  D.E. 31 at 4.  This does not state a valid IAC claim because Allen waived her right to appeal.  Paragraph 8 of her plea agreement states:

4

> The Defendant waives the right to appeal the guilty plea, conviction, and any sentence within or below the applicable guidelines range as determined by this Court at sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

D.E. 18 at 5. Allen's PSR calculated her Guidelines Range as follows: "Based upon a total offense level of 25 and a criminal history category of VI, the guideline imprisonment range is 110 months to 137 months. With regard to Count 15, the statutory maximum is 120 months, therefore; the guideline range is 110 to 120 months pursuant to USSG §5G1.2(b)." PSR ¶ 69. The Court adopted this calculation of Allen's Guidelines Range (D.E. 25) and sentenced her to 110 months (D.E. 26).

Because Allen's sentence was not above her Guidelines Range, any appeal was waived and foreclosed by paragraph 8 of her plea agreement.

If done knowingly and voluntarily, a criminal defendant may, by the terms of the plea agreement, waive her right to file a direct appeal and his right to collaterally attack her conviction and sentence under § 2255. *Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001). A prisoner may challenge the validity of such a waiver on the basis that "his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).

Nothing in the record suggests Allen's plea was not knowing and voluntary. Allen does not offer such an argument in her § 2255 motion, nor does she allege her plea itself was the product of ineffective assistance. Accordingly, her appeal waiver is valid. Any appeal would have been futile. Because any appeal would have been futile, counsel could not have been ineffective for failing to file an appeal.

5

### B. Sentencing Factors

Allen's Ground Two states, "Defendant's attorney failed to raise all 18 U.S.C. § 3553(a) factors under *Booker* in Defendant's case." D.E. 31 at 5. As already noted, the Court approaches any IAC claim with the strong presumption that counsel rendered effective assistance. Allen's Ground Two is unsupported by any facts. Allen also mentions "mitigating factors" on page 9 of her § 2255 form. Yet she does not identify any relevant mitigating factors that were not presented by the defense or considered by the Court. Allen fails to identify any relevant sentencing factors that were not addressed in her case. As such, this claim fails on initial review.

### C. Drug Quantity

Allen's Ground Three states, "Failure to object to drug quantity calculation and corresponding base offense level." D.E. 31 at 6. Allen lodged no objections to her PSR. Paragraph 7 of the PSR details the Kentucky State Police Laboratory's analysis of the drugs attributable to Allen. Allen admitted these calculations were correct in her plea agreement. D.E. 18 at 3. Her current motion fails to explain how or why this drug quantity was erroneously calculated. Thus, given the presumption that counsel rendered effective assistance, this claim also fails on the merits.

### D. Sentencing Disparity

Allen's Ground Four states, "defendant's [attorney] failed to raise or object under sentence disparity." D.E. 31 at 8. Allen provides no factual basis for this claim. There is nothing apparent in the record to suggest her bottom-of-the-Guidelines sentence was somehow a "disparity." Given the strong presumption that counsel rendered effective assistance, this claim also fails on the merits.

### E. *Rehaif*

Toward the end of her § 2255 form, Allen states, "*Rehaif*? – new Supreme Court case law." D.E. 31 at 9. The Supreme Court in *Rehaif* held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). The *Rehaif* opinion was issued in between Allen's guilty plea and sentencing. Allen did plead guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). D.E. 18. According to her plea agreement, Allen "admits that at the time of her possession of the firearm that she had been convicted of a felony offense, and knew that she could not lawfully possess a firearm due to her felony conviction." *Id.* at 3. This sworn admission facially appears to satisfy the *Rehaif* rule. This claim is also meritless.

### F. First Step Act

Finally, Allen's § 2255 form states, "FSA?," without further elaboration. D.E. 31 at 9. The Court interprets this as a reference to the First Step Act. A motion under § 2255 is not the proper vehicle for seeking a sentence reduction under the First Step Act. Section 404 of the First Step Act authorizes application of reduced statutory penalties of the Fair Sentencing Act, Pub. L. No. 111-120, 124 Stat. 2372 (2010), to defendants who committed a "covered offense" before August 3, 2010. As such, a motion to reduce sentence under the First Step Act should be brought under 18 U.S.C. § 3582(c)(1)(B), which provides that a court "may modify a term of imprisonment to the extent . . . expressly permitted by statute." *See, e.g.*, *United States v. Terrell*, 769 F. App'x 98 (4th Cir. 2019); *Cannon v. United States*, No. 1:19-CV-235, 2019 WL

6742916, at *3 (E.D. Tenn. Dec. 11, 2019) (explaining that motions made under the First Step Act should be filed as motions to reduce sentence).

### IV. Conclusion

"[T]he motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). Because "it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4. The undersigned therefore **RECOMMENDS** that Allen's § 2255 motion (D.E. 31) be **DISMISSED** upon initial review.

This case does not warrant an evidentiary hearing. An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b); *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* In this case, Allen has not alleged any specific facts which, if taken as true, would warrant relief. The record therefore "conclusively show[s]" she is entitled to no relief. *Arredondo*, 178 F.3d at 782.

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See also* Rule 11 of the Rules Governing Section 2255 proceedings. This standard is met if the defendant can show "that

8

reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The Court has considered the issuance of a Certificate of Appealability as to each of Allen's claims. No reasonable jurist would find the assessments on the merits above to be wrong or debatable; thus, no Certificate of Appealability should issue.

Any objection to, or argument against, dismissal must be asserted properly and in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

**IT IS FURTHER ORDERED THAT:**

(1)  To facilitate review, the Clerk of Court **SHALL FILE UNDER SEAL** Allen's Presentence Report.

(2)  Allen's motion to hold this matter in abeyance (D.E. 33) is **DENIED**.

This the 24th day of November, 2020.

Signed By:
*Hanly A. Ingram*
**United States Magistrate Judge**

9